UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

NICOLLE BESUDEN,

                                           Plaintiff,

                        -against-

The City of New York, Mayor Bill de Blasio, NYPD
Commissioner Dermot Shea, NYPD Chief of
Department Terence Monahan, Lieutenant Michele
Irizarry, Captain O'Hare, NYPD Deputy Inspector
Elias J. Nikkas, NYPD Captain Julio Delgado, NYPD
Captain Michael John, Police Officer Yu Jian, Police
Officer John Doe, Police Officer Patrick Connolly,
Police Officer Cardenas, Police Officer Edward
Casaceli and Police Officers John Does #1-13,

                                           Defendants.

------------------------------------------------------------------- x

**ANSWER TO THE FIRST AMENDED COMPLAINT ON BEHALF OF DEFENDANTS**

**JURY TRIAL DEMANDED**

21 Civ. 8452 (LAK) (SLC)

        Defendants City of New York, Mayor Bill de Blasio, NYPD Commissioner Dermot

Shea, NYPD Chief of Department Terence Monahan, Lieutenant Maria Hernandez, NYPD Inspector

Robert O'Hare, NYPD Deputy Inspector Elias J. Nikkas, NYPD Captain Julio Delgado, NYPD

Police Officer Yu Jian, NYPD Police Officer Michael John, NYPD Police Officer Patrick Connolly,

NYPD Police Officer Vicente Cardenas, and NYPD Captain Edward Casaceli (hereinafter

"defendants")[1], by their attorney, Sylvia O. Hinds-Radix, Corporation Counsel of the City of New

York, as and for their Answer to the First Amended Complaint, dated October 7, 2022, respectfully

allege, upon information and belief, as follows:

1.  Deny the allegations in paragraph "1" of the First Amended Complaint.

2.  Deny the allegations in paragraph "2" of the First Amended Complaint, except admit that

     plaintiff purports to invoke the Court's jurisdiction as stated therein.

---

[1] Pursuant to the Court's Order dated October 5, 2022, Deputy Chief Michele Irizarry's response to the First Amended Complaint is due by November 7, 2022. *See* Civil Docket, ¶ 54.

3. Deny the allegations in paragraph "3" of the First Amended Complaint, except admit that plaintiff purports to invoke the Court's jurisdiction as stated therein.

4. Deny the allegations in paragraph "4" of the First Amended Complaint, except admit that plaintiff purports to base venue as stated therein.

5. Deny the allegations in paragraph "5" of the First Amended Complaint, except admit that plaintiff will proceed as stated therein.

6. Deny the allegations in paragraph "6" of the First Amended Complaint, except admit that plaintiff's Notice of Claim was received by the Comptroller's Office.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "7" of the First Amended Complaint.

8. Admit the allegations in paragraph "8" of the First Amended Complaint.

9. Deny the allegations in paragraph "9" of the First Amended Complaint, except admit that the City of New York maintains a police department.

10. Deny the allegations in paragraph "10" of the First Amended Complaint, except admit that defendant Bill DeBlasio was the Mayor of the City of New York on the dates alleged in the First Amended Complaint and that plaintiff purports to proceed as set forth therein.

11. Deny the allegations in paragraph "11" of the First Amended Complaint, except admit that defendant Dermot Shea was the Police Commissioner of the NYPD on the dates alleged in the First Amended Complaint and that plaintiff purports to proceed as set forth therein.

12. Deny the allegations in paragraph "12" of the First Amended Complaint, except admit that defendant Terence Monahan was the Chief of Department of the NYPD on the dates alleged in the First Amended Complaint and that plaintiff purports to proceed as set forth therein.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "13" of the First Amended Complaint and that plaintiff purports to proceed as set

forth therein.

14. Deny the allegations in paragraph "14" of the First Amended Complaint, except admit that Elias Nikas was a  member  of the NYPD on the dates alleged in the First Amended Complaint and that plaintiff purports to proceed as set forth therein.

15. Deny the allegations in paragraph "15" of the First Amended Complaint, except admit that Robert O'Hare was a  member  of the NYPD on the dates alleged in the First Amended Complaint and that plaintiff purports to proceed as set forth therein.

16. Deny the allegations in paragraph "16" of the First Amended Complaint, except admit that Julio Delgado was a  member  of the NYPD on the dates alleged in the First Amended Complaint and that plaintiff purports to proceed as set forth therein.

17. Deny the allegations in paragraph "17" of the First Amended Complaint, except admit that defendant Michael John was a  member  of the NYPD on the dates alleged in the First Amended Complaint and that plaintiff purports to proceed as set forth therein.

18. Deny the allegations in paragraph "18" of the First Amended Complaint, except admit that defendant Vicente Cardenas was a  member  of the NYPD on the dates alleged in the First Amended Complaint and that plaintiff purports to proceed as set forth therein.

19. Deny the allegations in paragraph "19" of the First Amended Complaint, except admit that defendant Jian Yu was a  member  of the NYPD on the dates alleged in the First Amended Complaint and that plaintiff purports to proceed as set forth therein.

20. Deny the allegations in paragraph "20" of the First Amended Complaint, except admit that defendant Patrick Connolly was a  member  of the NYPD on the dates alleged in the First Amended Complaint and that plaintiff purports to proceed as set forth therein.

21. Deny the allegations in paragraph "21" of the First Amended Complaint, except admit that

defendant Edward Casaceli was a  member  of the NYPD on the dates alleged in the First Amended Complaint and that plaintiff purports to proceed as set forth therein.

22.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "22" of the First Amended Complaint as they pertain to an unidentified defendant and that plaintiff purports to proceed as set forth therein.

23. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "23" of the First Amended Complaint as they pertain to an unidentified defendant and that plaintiff purports to proceed as set forth therein.

24. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "24" of the First Amended Complaint.

25. Deny the allegations in paragraph "25" of the First Amended Complaint.

26. Deny the allegations in paragraph "26" of the First Amended Complaint.

27. Deny the allegations in paragraph "27" of the First Amended Complaint.

28. As defendants have moved to dismiss plaintiff's causes of actions arising from these factual allegations pursuant to Rule 12(b)(6), Fed. R. Civ. P., no response to the allegations set forth in paragraph "28" of the First Amended Complaint is required.

29. As defendants have moved to dismiss plaintiff's causes of actions arising from these factual allegations pursuant to Rule 12(b)(6), Fed. R. Civ. P., no response to the allegations set forth in paragraph "29" of the First Amended Complaint is required.

30. Deny the allegations in paragraph "30" of the First Amended Complaint.

31. Deny the allegations in paragraph "31" of the First Amended Complaint.

32. As defendants have moved to dismiss plaintiff's causes of actions arising from these factual allegations pursuant to Rule 12(b)(6), Fed. R. Civ. P., no response to the allegations set forth in paragraph "32" of the First Amended Complaint is required.

33. As defendants have moved to dismiss plaintiff's causes of actions arising from these factual allegations pursuant to Rule 12(b)(6), Fed. R. Civ. P., no response to the allegations set forth in paragraph "33" of the First Amended Complaint is required.

34. As defendants have moved to dismiss plaintiff's causes of actions arising from these factual allegations pursuant to Rule 12(b)(6), Fed. R. Civ. P., no response to the allegations set forth in paragraph "34" of the First Amended Complaint is required.

35. As defendants have moved to dismiss plaintiff's causes of actions arising from these factual allegations pursuant to Rule 12(b)(6), Fed. R. Civ. P., no response to the allegations set forth in paragraph "35" of the First Amended Complaint is required.

36. As defendants have moved to dismiss plaintiff's causes of actions arising from these factual allegations pursuant to Rule 12(b)(6), Fed. R. Civ. P., no response to the allegations set forth in paragraph "36" of the First Amended Complaint is required.

37. As defendants have moved to dismiss plaintiff's causes of actions arising from these factual allegations pursuant to Rule 12(b)(6), Fed. R. Civ. P., no response to the allegations set forth in paragraph "37" of the First Amended Complaint is required.

38. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "38" of the First Amended Complaint.

39. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "39" of the First Amended Complaint.

40. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "40" of the First Amended Complaint.

41. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "41" of the First Amended Complaint.

42. Deny the allegations in paragraph "42" of the First Amended Complaint.

43. Deny the allegations in paragraph "43" of the First Amended Complaint.

44. As defendants have moved to dismiss plaintiff's causes of actions arising from these factual allegations pursuant to Rule 12(b)(6), Fed. R. Civ. P., no response to the allegations set forth in paragraph "44" of the First Amended Complaint is required.

45. As defendants have moved to dismiss plaintiff's causes of actions arising from these factual allegations pursuant to Rule 12(b)(6), Fed. R. Civ. P., no response to the allegations set forth in paragraph "45" of the First Amended Complaint is required.

46. As defendants have moved to dismiss plaintiff's causes of actions arising from these factual allegations pursuant to Rule 12(b)(6), Fed. R. Civ. P., no response to the allegations set forth in paragraph "46" of the First Amended Complaint is required.

47. Deny the allegations in paragraph "47" of the First Amended Complaint.

48. Deny the allegations in paragraph "48" of the First Amended Complaint.

49. Deny the allegations in paragraph "49" of the First Amended Complaint.

50. Deny the allegations in paragraph "50" of the First Amended Complaint.

51. Deny the allegations in paragraph "51" of the First Amended Complaint.

52. Deny the allegations in paragraph "52" of the First Amended Complaint, except admit that plaintiff was charged with Obstructing Governmental Administration on December 11, 2020 and that said charge was later dismissed.

53. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "53" of the First Amended Complaint.

54. Deny the allegations in paragraph "54" of the First Amended Complaint.

55. Deny the allegations in paragraph "55" of the First Amended Complaint.

56. Deny the allegations in paragraph "56" of the First Amended Complaint.

57. Deny the allegations in paragraph "57" of the First Amended Complaint.

58. Deny the allegations in paragraph "58" of the First Amended Complaint.

59. Deny the allegations in paragraph "59" of the First Amended Complaint.

60. Deny the allegations in paragraph "60" of the First Amended Complaint.

61.  Deny the allegations in paragraph "61" of the First Amended Complaint.

62. Deny the allegations in paragraph "62" of the First Amended Complaint.

63. Deny the allegations in paragraph "63" of the First Amended Complaint.

64. Deny the allegations in paragraph "64" of the First Amended Complaint.

65. Deny the allegations in paragraph "65" of the First Amended Complaint.

66. Deny the allegations in paragraph "66" of the First Amended Complaint.

67. Deny the allegations in paragraph "67" of the First Amended Complaint.

68. Deny the allegations in paragraph "68" of the First Amended Complaint.

69. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "69" of the First Amended Complaint, except admit that Breonna Taylor was killed on March 13, 2020.

70. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "70" of the First Amended Complaint, except admit that George Floyd was killed on May 25, 2020.

71. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "71" of the First Amended Complaint.

72. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "72" of the First Amended Complaint.

73. Deny the allegations in paragraph "73" of the First Amended Complaint.

74. Deny the allegations in paragraph "74" of the First Amended Complaint.

75. Deny the allegations in paragraph "75" of the First Amended Complaint.

76. Deny the allegations in paragraph "76" of the First Amended Complaint.

77. Deny the allegations in paragraph "77" of the First Amended Complaint.

78. Deny the allegations in paragraph "78" of the First Amended Complaint, and respectfully refer the Court to the cited report for its full content and context.

79.  Deny the allegations in paragraph "79" of the First Amended Complaint, and respectfully refer the Court to the cited report for its full content and context.

80. Deny the allegations in paragraph "80" of the First Amended Complaint, and respectfully refer the Court to the cited report for its full content and context.

81. Deny the allegations in paragraph "81" of the First Amended Complaint, and respectfully refer the Court to the cited report for its full content and context.

82. Deny the allegations in paragraph "82" of the First Amended Complaint.

83. Deny the allegations in paragraph "83" of the First Amended Complaint.

84. Deny the allegations in paragraph "84" of the First Amended Complaint, and all of its subparts, and respectfully refer the court to the cited news articles for their full content and context.

85. Deny the allegations in paragraph "85" of the First Amended Complaint.

86. Deny the allegations in paragraph "86" of the First Amended Complaint.

87. Deny the allegations in paragraph "87" of the First Amended Complaint, and respectfully refer the Court to cited news article for its full content and context.

88. Deny the allegations in paragraph "88" of the First Amended Complaint, except state that the City of New York has been a party to lawsuits in state and federal courts.

89. Deny the allegations in paragraph "89" of the First Amended Complaint, and respectfully refer the Court to the cited news article for its full content and context.

90. Deny the allegations in paragraph "90" of the First Amended Complaint, and respectfully

refer the Court to the cited Twitter link for its full content and context.

91. Deny the allegations in paragraph "91" of the First Amended Complaint, and respectfully refer the Court to the cited articles for their full content and context.

92. Deny the allegations in paragraph "92" of the First Amended Complaint, and respectfully refer the Court to the cited article for its full content and context.

93. Deny the allegations in paragraph "93" of the First Amended Complaint, and respectfully refer the Court to the cited news article for its full content and context.

94. Deny the allegations in paragraph "94" of the First Amended Complaint.

95. Deny the allegations in paragraph "95" of the First Amended Complaint.

96. Deny the allegations in paragraph "96" of the First Amended Complaint

97. Deny the allegations in paragraph "97" of the First Amended Complaint.

98. Deny the allegations in paragraph "98" of the First Amended Complaint, and respectfully refer the Court to the cited news article for its full content and context.

99. Deny the allegations in paragraph "99" of the First Amended Complaint, and respectfully refer the Court to the cited news article for its full content and context.

100. Deny the allegations in paragraph "100" of the First Amended Complaint, and respectfully refer the Court to the cited news article for its full content and context.

101. Deny the allegations in paragraph "101" of the First Amended Complaint.

102. Deny the allegations in paragraph "102" of the First Amended Complaint, and respectfully refer the Court to the cited report for its full content and context.

103. Deny the allegations in paragraph "103" of the First Amended Complaint.

104. Deny the allegations in paragraph "104" of the First Amended Complaint.

105. Deny the allegations in paragraph "105" of the First Amended Complaint, and respectfully refer the Court to the cited report for its full content and context.

106. Deny the allegations in paragraph "106" of the First Amended Complaint.

107. Deny the allegations in paragraph "107" of the First Amended Complaint.

108. Deny the allegations in paragraph "108" of the First Amended Complaint, and respectfully refer the Court to the cited report for its full content and context.

109. Deny the allegations in paragraph "109" of the First Amended Complaint, and respectfully refer the Court to the cited report for its full content and context.

110. Deny the allegations in paragraph "110" of the First Amended Complaint.

111. Deny the allegations in paragraph "111" of the First Amended Complaint.

112. Deny the allegations in paragraph "112" of the First Amended Complaint.

113. Deny the allegations in paragraph "113" of the First Amended Complaint.

114. Deny the allegations in paragraph "114" of the First Amended Complaint.

115. Deny the allegations in paragraph "115" of the First Amended Complaint.

116. Deny the allegations in paragraph "116" of the First Amended Complaint, and respectfully refer the Court to the cited report for its full content and context.

117. Deny the allegations in paragraph "117" of the First Amended Complaint, and respectfully refer the Court to the cited report for its full content and context.

118. Deny the allegations in paragraph "118" of the First Amended Complaint.

119. Deny the allegations in paragraph "119" of the First Amended Complaint.

120. Deny the allegations in paragraph "120" of the First Amended Complaint.

121. Deny the allegations in paragraph "121" of the First Amended Complaint.

122. Deny the allegations in paragraph "122" of the First Amended Complaint.

123. Deny the allegations in paragraph "123" of the First Amended Complaint.

124. Deny the allegations in paragraph "124" of the First Amended Complaint, and respectfully refer the Court to the cited report for its full content and context.

125.    Deny the allegations in paragraph "125" of the First Amended Complaint, and respectfully refer the Court to the cited report for its full content and context, and deny the merits of the lawsuits referred therein which contain mere allegations without dispositions.

126.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "126" of the First Amended Complaint, and respectfully refer the Court to the cited case for its full content and context.

127.    Deny the allegations in paragraph "127" of the First Amended Complaint.

128.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "128" of the First Amended Complaint.

129.    Deny the allegations in paragraph "129" of the First Amended Complaint.

130.    Deny the allegations in paragraph "130" of the First Amended Complaint, and all of its subparts, and respectfully refer the Court to the cited cases for their full content and context, and deny the merits of any lawsuits cited therein which contain mere allegations without dispositions.

131.    Deny the merits of the lawsuit cited in paragraph "131" of the First Amended Complaint, which contains mere allegations without a disposition, and respectfully refer the Court to the cited case for its full content and context.

132.    Deny the merits of the lawsuit cited in paragraph "132" of the First Amended Complaint, which contains mere allegations without a disposition, and respectfully refer the Court to the cited case for its full content and context.

133.    Deny the allegations in paragraph "133" of the First Amended Complaint, and respectfully refer the Court to the cited report for its full content and context.

134.    Deny the allegations in paragraph "134" of the First Amended Complaint, and respectfully refer the Court to the cited report for its full content and context.

135.   Deny the allegations in paragraph "135" of the First Amended Complaint.

136.   Deny the allegations in paragraph "136" of the First Amended Complaint.

137.   Deny the allegations in paragraph "137" of the First Amended Complaint.

138.   In response to the allegations set forth in paragraph "138" of the First Amended Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

139.   State that the allegations in paragraph "139" are legal conclusions to which no response is required.

140.   Deny the allegations in paragraph "140" of the First Amended Complaint and state that, as defendants have moved to dismiss plaintiff's First Cause of Action arising from the factual allegations for July 28, 2020, September 29, 2020, and October 25, 2020 pursuant to Rule 12(b)(6), Fed. R. Civ. P., no response to those allegations set forth in paragraph "140" of the First Amended Complaint is required.

141.   Deny the allegations in paragraph "141" of the First Amended Complaint and state that, as defendants have moved to dismiss plaintiff's First Cause of Action arising from the factual allegations for July 28, 2020, September 29, 2020, and October 25, 2020 pursuant to Rule 12(b)(6), Fed. R. Civ. P., no response to those allegations set forth in paragraph "141" of the First Amended Complaint is required.

142.   Deny the allegations in paragraph "142" of the First Amended Complaint and state that, as defendants have moved to dismiss plaintiff's First Cause of Action arising from the factual allegations for July 28, 2020, September 29, 2020, and October 25, 2020 pursuant to Rule 12(b)(6), Fed. R. Civ. P., no response to those allegations set forth in paragraph "142" of the First Amended Complaint is required.

143.   Deny the allegations in paragraph "143" of the First Amended Complaint and state that,

as defendants have moved to dismiss plaintiff's First Cause of Action arising from the factual allegations for July 28, 2020, September 29, 2020, and October 25, 2020 pursuant to Rule 12(b)(6), Fed. R. Civ. P., no response to those allegations set forth in paragraph "143" of the First Amended Complaint is required.

144.   Deny the allegations in paragraph "144" of the First Amended Complaint and state that, as defendants have moved to dismiss plaintiff's First Cause of Action arising from the factual allegations for July 28, 2020, September 29, 2020, and October 25, 2020 pursuant to Rule 12(b)(6), Fed. R. Civ. P., no response to those allegations set forth in paragraph "144" of the First Amended Complaint is required.

145.   Deny the allegations in paragraph "145" of the First Amended Complaint and state that, as defendants have moved to dismiss plaintiff's First Cause of Action arising from the factual allegations for July 28, 2020, September 29, 2020, and October 25, 2020 pursuant to Rule 12(b)(6), Fed. R. Civ. P., no response to those allegations set forth in paragraph "145" of the First Amended Complaint is required.

146.   Deny the allegations in paragraph "146" of the First Amended Complaint and state that, as defendants have moved to dismiss plaintiff's First Cause of Action arising from the factual allegations for July 28, 2020, September 29, 2020, and October 25, 2020 pursuant to Rule 12(b)(6), Fed. R. Civ. P., no response to those allegations set forth in paragraph "146" of the First Amended Complaint is required.

147.   In response to the allegations set forth in paragraph "147" of the First Amended Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

148.   Deny the allegations in paragraph "148" of the First Amended Complaint and state that, as defendants have moved to dismiss plaintiff's Second Causes of Action arising from the

factual allegations for July 28, 2020, September 29, 2020, and October 25, 2020 pursuant to Rule 12(b)(6), Fed. R. Civ. P., no response to those allegations set forth in paragraph "148" of the First Amended Complaint is required.

149.    Deny the allegations in paragraph "149" of the First Amended Complaint and state that, as defendants have moved to dismiss plaintiff's Second Causes of Action arising from the factual allegations for July 28, 2020, September 29, 2020, and October 25, 2020 pursuant to Rule 12(b)(6), Fed. R. Civ. P., no response to those allegations set forth in paragraph "149" of the First Amended Complaint is required.

150.    Deny the allegations in paragraph "150" of the First Amended Complaint and state that, as defendants have moved to dismiss plaintiff's Second Causes of Action arising from the factual allegations for July 28, 2020, September 29, 2020, and October 25, 2020 pursuant to Rule 12(b)(6), Fed. R. Civ. P., no response to those allegations set forth in paragraph "150" of the First Amended Complaint is required.

151.    Deny the allegations in paragraph "151" of the First Amended Complaint and state that, as defendants have moved to dismiss plaintiff's Second Causes of Action arising from the factual allegations for July 28, 2020, September 29, 2020, and October 25, 2020 pursuant to Rule 12(b)(6), Fed. R. Civ. P., no response to those allegations set forth in paragraph "151" of the First Amended Complaint is required.

152.    In response to the allegations set forth in paragraph "152" of the First Amended Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

153.    Deny the allegations in paragraph "153" of the First Amended Complaint and state that, as defendants have moved to dismiss plaintiff's Third Cause of Action arising from the factual allegations for July 28, 2020, September 29, 2020, and October 25, 2020 pursuant to

Rule 12(b)(6), Fed. R. Civ. P., no response to those allegations set forth in paragraph "153" of the First Amended Complaint is required.

154.    Deny the allegations in paragraph "154" of the First Amended Complaint and state that, as defendants have moved to dismiss plaintiff's Third Cause of Action arising from the factual allegations for July 28, 2020, September 29, 2020, and October 25, 2020 pursuant to Rule 12(b)(6), Fed. R. Civ. P., no response to those allegations set forth in paragraph "154" of the First Amended Complaint is required.

155.    Deny the allegations in paragraph "155" of the First Amended Complaint and state that, as defendants have moved to dismiss plaintiff's Third Cause of Action arising from the factual allegations for July 28, 2020, September 29, 2020, and October 25, 2020 pursuant to Rule 12(b)(6), Fed. R. Civ. P., no response to those allegations set forth in paragraph "155" of the First Amended Complaint is required.

156.    Deny the allegations in paragraph "156" of the First Amended Complaint and state that, as defendants have moved to dismiss plaintiff's Third Cause of Action arising from the factual allegations for July 28, 2020, September 29, 2020, and October 25, 2020 pursuant to Rule 12(b)(6), Fed. R. Civ. P., no response to those allegations set forth in paragraph "156" of the First Amended Complaint is required.

157.    Deny the allegations in paragraph "157" of the First Amended Complaint and state that, as defendants have moved to dismiss plaintiff's Third Cause of Action arising from the factual allegations for July 28, 2020, September 29, 2020, and October 25, 2020 pursuant to Rule 12(b)(6), Fed. R. Civ. P., no response to those allegations set forth in paragraph "157" of the First Amended Complaint is required.

158.    Deny the allegations in paragraph "158" of the First Amended Complaint and state that, as defendants have moved to dismiss plaintiff's Third Cause of Action arising from the

factual allegations for July 28, 2020, September 29, 2020, and October 25, 2020 pursuant to Rule 12(b)(6), Fed. R. Civ. P., no response to those allegations set forth in paragraph "158" of the First Amended Complaint is required.

159.    Deny the allegations in paragraph "159" of the First Amended Complaint and state that, as defendants have moved to dismiss plaintiff's Third Cause of Action arising from the factual allegations for July 28, 2020, September 29, 2020, and October 25, 2020 pursuant to Rule 12(b)(6), Fed. R. Civ. P., no response to those allegations set forth in paragraph "159" of the First Amended Complaint is required.

160.    In response to the allegations set forth in paragraph "160" of the First Amended Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

161.    Deny the allegations in paragraph "161" of the First Amended Complaint and state that, as defendants have moved to dismiss plaintiff's Fourth Cause of Action arising from the factual allegations for July 28, 2020, September 29, 2020, and October 25, 2020 pursuant to Rule 12(b)(6), Fed. R. Civ. P., no response to those allegations set forth in paragraph "161" of the First Amended Complaint is required.

162.    Deny the allegations in paragraph "162" of the First Amended Complaint and state that, as defendants have moved to dismiss plaintiff's Fourth Cause of Action arising from the factual allegations for July 28, 2020, September 29, 2020, and October 25, 2020 pursuant to Rule 12(b)(6), Fed. R. Civ. P., no response to those allegations set forth in paragraph "162" of the First Amended Complaint is required.

163.    Deny the allegations in paragraph "163" of the First Amended Complaint and state that, as defendants have moved to dismiss plaintiff's Fourth Cause of Action arising from the factual allegations for July 28, 2020, September 29, 2020, and October 25, 2020 pursuant to

Rule 12(b)(6), Fed. R. Civ. P., no response to those allegations set forth in paragraph "163" of the First Amended Complaint is required.

164.    Deny the allegations in paragraph "164" of the First Amended Complaint and state that, as defendants have moved to dismiss plaintiff's Fourth Cause of Action arising from the factual allegations for July 28, 2020, September 29, 2020, and October 25, 2020 pursuant to Rule 12(b)(6), Fed. R. Civ. P., no response to those allegations set forth in paragraph "164" of the First Amended Complaint is required.

165.    Deny the allegations in paragraph "165" of the First Amended Complaint and state that, as defendants have moved to dismiss plaintiff's Fourth Cause of Action arising from the factual allegations for July 28, 2020, September 29, 2020, and October 25, 2020 pursuant to Rule 12(b)(6), Fed. R. Civ. P., no response to those allegations set forth in paragraph "165" of the First Amended Complaint is required.

166.    In response to the allegations set forth in paragraph "166" of the First Amended Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

167.    State that the allegations in paragraph "167" are legal conclusions to which no response is required.

168.    State that, as defendants have moved to dismiss plaintiff's Fifth Cause of Action pursuant to Rule 12(b)(6), Fed. R. Civ. P., no response to the allegations set forth in paragraph "168" of the First Amended Complaint is required.

169.    State that, as defendants have moved to dismiss plaintiff's Fifth Cause of Action pursuant to Rule 12(b)(6), Fed. R. Civ. P., no response to the allegations set forth in paragraph "169" of the First Amended Complaint is required.

170.   State that the allegations in paragraph "170" are legal conclusions to which no response is required.

171.   State that, as defendants have moved to dismiss plaintiff's Fifth Cause of Action pursuant to  Rule 12(b)(6), Fed. R. Civ. P., no response to the allegations set forth in paragraph "171" of the First Amended Complaint is required.

172.   State that, as defendants have moved to dismiss plaintiff's Fifth Cause of Action pursuant to  Rule 12(b)(6), Fed. R. Civ. P., no response to the allegations set forth in paragraph "172" of the First Amended Complaint is required.

173.   State that, as defendants have moved to dismiss plaintiff's Fifth Cause of Action pursuant to  Rule 12(b)(6), Fed. R. Civ. P., no response to the allegations set forth in paragraph "173" of the First Amended Complaint is required.

174.   State that, as defendants have moved to dismiss plaintiff's Fifth Cause of Action pursuant to  Rule 12(b)(6), Fed. R. Civ. P., no response to the allegations set forth in paragraph "174" of the First Amended Complaint is required.

175.   State that, as defendants have moved to dismiss plaintiff's Fifth Cause of Action pursuant to  Rule 12(b)(6), Fed. R. Civ. P., no response to the allegations set forth in paragraph "175" of the First Amended Complaint is required.

176.   State that, as defendants have moved to dismiss plaintiff's Fifth Cause of Action pursuant to  Rule 12(b)(6), Fed. R. Civ. P., no response to the allegations set forth in paragraph "176" of the First Amended Complaint is required.

177.   State that, as defendants have moved to dismiss plaintiff's Fifth Cause of Action pursuant to  Rule 12(b)(6), Fed. R. Civ. P., no response to the allegations set forth in paragraph "177" of the First Amended Complaint is required.

178.   State that, as defendants have moved to dismiss plaintiff's Fifth Cause of Action pursuant

to  Rule 12(b)(6), Fed. R. Civ. P., no response to the allegations set forth in paragraph "178" of the First Amended Complaint is required.

179.   State that the allegations in paragraph "179" are legal conclusions to which no response is required.

180.   State that the allegations in paragraph "180" are legal conclusions to which no response is required.

181.   State that, as defendants have moved to dismiss plaintiff's Fifth Cause of Action pursuant to  Rule 12(b)(6), Fed. R. Civ. P., no response to the allegations set forth in paragraph "181" of the First Amended Complaint is required.

182.   In response to the allegations set forth in paragraph "182" of the First Amended Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

183.    State that the allegations in paragraph "183" are legal conclusions to which no response is required.

184.    State that the allegations in paragraph "184" are legal conclusions to which no response is required.

185.   State that, as defendants have moved to dismiss plaintiff's Sixth Cause of Action pursuant to  Rule 12(b)(6), Fed. R. Civ. P., no response to the allegations set forth in paragraph "185" of the First Amended Complaint is required.

186.   State that, as defendants have moved to dismiss plaintiff's Sixth Cause of Action pursuant to  Rule 12(b)(6), Fed. R. Civ. P., no response to the allegations set forth in paragraph "186" of the First Amended Complaint is required.

187.   State that, as defendants have moved to dismiss plaintiff's Sixth Cause of Action pursuant to  Rule 12(b)(6), Fed. R. Civ. P., no response to the allegations set forth in

paragraph "187" of the First Amended Complaint is required.

188.    State that, as defendants have moved to dismiss plaintiff's Sixth Cause of Action pursuant to  Rule 12(b)(6), Fed. R. Civ. P., no response to the allegations set forth in paragraph "188" of the First Amended Complaint is required.

189.    State that, as defendants have moved to dismiss plaintiff's Sixth Cause of Action pursuant to  Rule 12(b)(6), Fed. R. Civ. P., no response to the allegations set forth in paragraph "189" of the First Amended Complaint is required.

190.    In response to the allegations set forth in paragraph "190" of the First Amended Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

191.    Deny the allegations in paragraph "191" of the First Amended Complaint and state that, as defendants have moved to dismiss plaintiff's Seventh Causes of Action arising from the factual allegations for July 28, 2020, September 29, 2020, and October 25, 2020 pursuant to Rule 12(b)(6), Fed. R. Civ. P., no response to those allegations set forth in paragraph "191" of the First Amended Complaint is required.

192.    Deny the allegations in paragraph "192" of the First Amended Complaint and state that, as defendants have moved to dismiss plaintiff's Seventh Causes of Action arising from the factual allegations for July 28, 2020, September 29, 2020, and October 25, 2020 pursuant to Rule 12(b)(6), Fed. R. Civ. P., no response to those allegations set forth in paragraph "192" of the First Amended Complaint is required.

193.    Deny the allegations in paragraph "193" of the First Amended Complaint and state that, as defendants have moved to dismiss plaintiff's Seventh Causes of Action arising from the factual allegations for July 28, 2020, September 29, 2020, and October 25, 2020 pursuant to Rule 12(b)(6), Fed. R. Civ. P., no response to those allegations set forth in paragraph "193"

of the First Amended Complaint is required.

194.   Deny the allegations in paragraph "194" of the First Amended Complaint and state that, as defendants have moved to dismiss plaintiff's Seventh Causes of Action arising from the factual allegations for July 28, 2020, September 29, 2020, and October 25, 2020 pursuant to Rule 12(b)(6), Fed. R. Civ. P., no response to those allegations set forth in paragraph "194" of the First Amended Complaint is required.

195.   Deny the allegations in paragraph "195" of the First Amended Complaint and state that, as defendants have moved to dismiss plaintiff's Seventh Causes of Action arising from the factual allegations for July 28, 2020, September 29, 2020, and October 25, 2020 pursuant to Rule 12(b)(6), Fed. R. Civ. P., no response to those allegations set forth in paragraph "195" of the First Amended Complaint is required.

196.   Deny the allegations in paragraph "196" of the First Amended Complaint and state that, as defendants have moved to dismiss plaintiff's Seventh Causes of Action arising from the factual allegations for July 28, 2020, September 29, 2020, and October 25, 2020 pursuant to Rule 12(b)(6), Fed. R. Civ. P., no response to those allegations set forth in paragraph "196" of the First Amended Complaint is required.

197.   In response to the allegations set forth in paragraph "197" of the First Amended Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

198.   State that, as defendants have moved to dismiss plaintiff's Eighth Cause of Action pursuant to  Rule 12(b)(6), Fed. R. Civ. P., no response to the allegations set forth in paragraph "198" of the First Amended Complaint is required.

199.   State that, as defendants have moved to dismiss plaintiff's Eighth Cause of Action pursuant to  Rule 12(b)(6), Fed. R. Civ. P., no response to the allegations set forth in

paragraph "199" of the First Amended Complaint is required.

200.   State that, as defendants have moved to dismiss plaintiff's Eighth Cause of Action pursuant to  Rule 12(b)(6), Fed. R. Civ. P., no response to the allegations set forth in paragraph "200" of the First Amended Complaint is required.

201.   State that, as defendants have moved to dismiss plaintiff's Eighth Cause of Action pursuant to  Rule 12(b)(6), Fed. R. Civ. P., no response to the allegations set forth in paragraph "201" of the First Amended Complaint is required.

202.   State that, as defendants have moved to dismiss plaintiff's Eighth Cause of Action pursuant to  Rule 12(b)(6), Fed. R. Civ. P., no response to the allegations set forth in paragraph "202" of the First Amended Complaint is required.

203.   State that, as defendants have moved to dismiss plaintiff's Eighth Cause of Action pursuant to  Rule 12(b)(6), Fed. R. Civ. P., no response to the allegations set forth in paragraph "203" of the First Amended Complaint is required.

204.   State that, as defendants have moved to dismiss plaintiff's Eighth Cause of Action pursuant to  Rule 12(b)(6), Fed. R. Civ. P., no response to the allegations set forth in paragraph "204" of the First Amended Complaint is required.

205.   State that, as defendants have moved to dismiss plaintiff's Eighth Cause of Action pursuant to  Rule 12(b)(6), Fed. R. Civ. P., no response to the allegations set forth in paragraph "205" of the First Amended Complaint is required.

206.   State that, as defendants have moved to dismiss plaintiff's Eighth Cause of Action pursuant to  Rule 12(b)(6), Fed. R. Civ. P., no response to the allegations set forth in paragraph "206" of the First Amended Complaint is required.

207.   State that, as defendants have moved to dismiss plaintiff's Eighth Cause of Action pursuant to  Rule 12(b)(6), Fed. R. Civ. P., no response to the allegations set forth in

paragraph "207" of the First Amended Complaint is required.

208.    State that the allegations in paragraph "208" are legal conclusions to which no response is required.

209.    State that the allegations set forth in the paragraph titled "JURY DEMAND" of the First Amended Complaint are not averments of fact that require a response.

210.    Deny the allegations set forth in paragraph titled "RELIEF REQUESTED" of the First Amended Complaint, and all of its subparts, except admit that plaintiff purports to seek the relief stated therein.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

211.    The First Amended Complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

212.    Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the intervening conduct of third parties and was not the proximate result of any act of defendants.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

213.    Defendants have not violated any rights, privileges, or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, not have defendants violated any acts of Congress providing for the protection of civil rights.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

214.    Defendants have not violated any clearly established constitutional or statutory rights of which a reasonable person would have known and therefore are entitled to qualified immunity.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

215.    At all times relevant to the acts alleged in the First Amended Complaint, defendants

acted reasonably and properly in the lawful exercise of their discretion and/or judgmental functions/decisions. Therefore, defendants are entitled to governmental immunity from liability on plaintiff's state law claims.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

216.    To the extent the First Amended Complaint alleges any claims arising under New York State law, such claims are be barred, in whole or in part, for failure to comply with New York General Municipal Law §§ 50(e), et seq.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

217.    At all times relevant to the acts alleged in the First Amended Complaint, defendant City of New York, its agents and officials, acted reasonably and properly in the lawful exercise of their discretion and/or judgmental functions/decisions. Therefore, defendant City of New York is entitled to governmental immunity from liability on plaintiff's state law claims.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

218.    Punitive damages are not recoverable against the City of New York.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

219.    There was probable cause for plaintiff's arrest, detention, and subsequent prosecution.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

220.    Plaintiff failed to mitigate her damages.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:

221.    To the extent that one or more defendants used any force, it was reasonable, justified, and necessary to accomplish defendants' official duties and to protect their physical safety and the safety of others.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE:

222.    Defendants Bill de Blasio, Dermot Shea, Terrance Monahan, Maria Hernandez and

Vicente Cardenas had no personal involvement in the incidents alleged in the First Amended

Complaint.

**WHEREFORE**, defendants request judgment dismissing the First Amended Complaint

in its entirety, together with the costs and disbursements of this action, and such other and further

relief as the Court may deem just and proper.

Dated:  October 7, 2022
      New York, N.Y.

                      **HON. SYLVIA O. HINDS-RADIX**
                      Corporation Counsel of the City of New York
                      *Attorney for Defendants*
                      100 Church Street, Room 3-216
                      New York, N.Y. 10007
                      Phone: (212) 356-2377

                  By:    *Felix De Jesus*
                      Felix De Jesus
                      *Assistant Corporation Counsel*
                      Special Federal Litigation Division

To:    All Counsel (by ECF)
       *Attorney for Plaintiff*